NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ELIZABETH A. EMOND,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2016-1227

_____

Petition for review of the Merit Systems Protection Board in No. DC-831M-12-0383-B-1.

_____

Decided: April 8, 2016

_____

ELIZABETH A. EMOND, Alexandria, VA, pro se.

MICHAEL D. SNYDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI; JESSICA S. JOHNSON, Office of General Counsel, Office of Personnel Management, Washington, DC.

_____

Before DYK, MAYER, and STOLL, *Circuit Judges.*

PER CURIAM.

Elizabeth A. Emond petitions for review of a decision of the Merit Systems Protection Board ("MSPB") ruling that she is not entitled to receive a former spouse annuity. We *affirm.*

## BACKGROUND

Until their divorce in 1989, Ms. Emond was married to Bobby Burns, a federal employee who died while still employed by the Internal Revenue Service. In 2009, Ms. Emond applied to the United States Office of Personnel Management ("OPM") for a survivor annuity. Relying on a copy of a March 24, 1989, divorce decree from Virginia state court that Ms. Emond had provided, which awarded Ms. Emond a former spouse survivor annuity, OPM granted Ms. Emond a survivor annuity. In 2010, OPM received a different version of the same divorce decree that had been filed in connection with an application from Leona Burns, Mr. Burns' mother, to receive Mr. Burns' retirement contributions. This version did not state that Ms. Emond was entitled to a former spouse survivor annuity. In light of this new version, OPM informed Ms. Emond that she was not in fact eligible for a former spouse annuity benefit, and OPM determined that it had made a $62,739.96 overpayment to Ms. Emond and sought to recover that sum.

Ms. Emond sought reconsideration of OPM's decision and, alternatively, a waiver for the overpayment. OPM denied both requests. Ms. Emond timely appealed to the MSPB, which determined that the record was not fully developed and ordered OPM to obtain an order from the Virginia state court declaring which version of the divorce decree was the correct one. The Circuit Court of Fairfax

County, Virginia ultimately found that the new version submitted in connection with Leona Burns' application—not the version originally submitted by Ms. Emond—was the true and correct copy. In light of this finding, the MSPB determined that Ms. Emond was not entitled to a survivor annuity, *Emond v. Office of Pers. Mgmt.*, No. DC-831M-12-0383-I-2, (M.S.P.B. June 25, 2015), but also found that Ms. Emond was not at fault for the overpayment and was therefore entitled to a waiver. *Emond v. Office of Pers. Mgmt.*, No. DC-831M-12-0383-B-1 (M.S.P.B. Oct. 9, 2015). Ms. Emond petitions for review of the determination that she is not entitled to a survivor annuity. OPM curiously does not seek review of the determination that Ms. Emond is entitled to a waiver for the overpayment. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the decision of the MSPB unless it was (1) arbitrary, capricious, or an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Salmon v. Soc. Sec. Admin.*, 663 F.3d 1378, 1380 (Fed. Cir. 2011).

A government employee who pays for survivor annuity benefits can elect to have those benefits distributed to a former spouse, or such benefits can be awarded pursuant to a court order, such as a divorce decree. *See, e.g.*, 5 C.F.R. §§ 842.604(g), 838.701(a). A person adversely affected by a court order who alleges that the order is invalid must prove its invalidity and may do so by submitting to OPM a different court order that declares invalid the original order submitted by the former spouse. 5 C.F.R. § 838.724(a)(1). State courts are responsible for

determining when court orders are invalid. *Id.* § 838.122(d).

Here, the Circuit Court of Fairfax County, Virginia issued an order explicitly stating that Ms. Emond's version of the divorce decree "is not a true and accurate copy," while the version submitted in connection with Leona Burns' application is "true and accurate." Resp't's App. 17. Because OPM's original award of former spouse survivor benefits was based on the terms of a divorce decree that was subsequently found to be inaccurate by the Virginia court, the MSPB determined that Ms. Emond was not eligible for a survivor annuity. Ms. Emond argues that the Virginia court order did not "invalidate" the divorce decree she submitted. The MSPB properly rejected this argument, which is more semantic than substantive. The Virginia court's order, while not formally invalidating the earlier order, explicitly determined that Ms. Emond's version of the divorce decree was not a "true and accurate copy." *Id.* The MSPB's determination that Ms. Emond is not entitled to a survivor annuity is supported by substantial evidence.

We have considered Ms. Emond's other arguments and find them to be without merit. Accordingly, we affirm the MSPB's determination that Ms. Emond is not entitled to a survivor annuity.

## AFFIRMED

### COSTS

No costs.